IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COPPERHEAD PIPELINE AND CONSTRUCTION, INC., an Oklahoma Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:14CV158 |
| v. | ) ) | |
| NORTHERN NATURAL GAS COMPANY, a Delaware corporation, | ) ) ) | ORDER |
| Defendant. | ) ) ) | |

     This matter is before the Court on the defendant's motion (Filing No. 17) to strike the plaintiff's jury demand pursuant to Rule 12(f). The defendant has filed a brief (Filing No. 18) and index of evidence (Filing No. 19) in support of its motion. The plaintiff has filed a brief (Filing No. 21) in opposition to the motion.

     Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). The enforceability and legality of waiving the right to jury trial is well settled in federal law. *See ERA Franchise Sys., L.L.C. v. Realty Linc, Inc.*, 8:8CV149, 2009 WL 464942, *1-2 (D. Neb. Feb. 23, 2009) (citing *Coop. Fin. Ass'n, Inc. v. Garst*, 871 F. Supp. 1168, 1171 (N.D. Iowa 1995)). Although the Seventh Amendment to the Constitution preserves the right to demand a jury trial, a party may impliedly or expressly waive that right. *Id.* at *1 (citing Fed. R. Civ. Pro 38(a); *Commodity Futures Trade Comm. v. Schor*,

478 U.S. 833, 848-49 (1986); *Bostic v. Goodnight*, 443 F.3d 1044, 1047 (8th Cir. 2006); *Nw. Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir. 1967)).  Waivers are enforceable when the moving party demonstrates the waiver was knowing and voluntary, for example, by "showing the waiver provision was clear and unambiguous."  *Id.* (citing *Coop. Fin. Ass'n, Inc.*, 871 F. Supp. at 1171-72.

Plaintiff Copperhead Pipeline and Construction, Inc. ("Copperhead") and defendant Northern Natural Gas Company ("Northern") entered into a capital construction agreement (the "Agreement") in July 2013.  The Agreement reads in emboldened, capital letters as follows:

> **TO THE FULLEST EXTENT PERMITTED BY LAW, EACH OF THE PARTIES HERETO WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF LITIGATION DIRECTLY OR INDIRECTLY ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT. EACH PARTY FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED.**

(Filing No. 19-1, at 16).  Northern has demonstrated that Copperhead is a sophisticated entity which has conducted business through the United States (Filing No. 18 at 4 (citing Filing No. 19-1, at 1-2)).  Specifically, Copperhead is an eight-year-old business, operates in the pipeline construction industry, and had spent seven weeks negotiating the Agreement in this case.  Based on the evidence before the Court, Northern has demonstrated that

Copperhead did knowingly and voluntarily waive its right to a jury trial in this case.  For these reasons, Northern's motion will be granted.

IT IS ORDERED that defendant's motion to strike plaintiff's jury demand (Filing No. 17) is granted.  The plaintiff's demand for trial by jury is stricken and any trial in this matter will proceed without a jury.

DATED this 28th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court