**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

COPPERHEAD PIPELINE AND CONSTRUCTION, INC., an Oklahoma corporation,

Plaintiff,

v.

NORTHERN NATURAL GAS COMPANY, a Delaware corporation,

Defendant.

Case No. 8:14-cv-00158

**STIPULATED PROTECTIVE ORDER**

WHEREAS the parties to this proceeding recognize that during the course of this proceeding, issues may arise which may require the disclosure of confidential information or sensitive commercial, financial, proprietary or business information, and the parties desire to pursue discovery with a minimum of delay and expense;

WHEREAS such information should not be released into the public domain, but rather should be treated as confidential pursuant to the privacy and business interests of the parties;

WHEREAS the parties have, through the undersigned counsel, agreed to be bound by and stipulated to entry of this Stipulated Protective Order to prevent unnecessary disclosure or dissemination of such confidential information;

WHEREAS the Court has found that the parties should respect and recognize the privacy interests of each other by the avoidance of any release of the confidential information, documents, or things that are produced in this action;

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of documents and things, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by the parties, in this action:

1. This Stipulated Protective Order ("Order") shall apply to and govern all depositions, documents, electronically stored information, items or things disclosed or produced in response to a party's informal request, requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken under the Federal Rules of Civil Procedure, and other information which the disclosing party designates as "CONFIDENTIAL," furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with the above-captioned litigation.

2. When used in this Order, the phrase "disclosing party" shall refer to the parties to the above-captioned litigation or to non-parties who give testimony or produce documents or other material.

3. When used in this Order, the word "document" encompasses, but is not limited to, any type of document or testimony, including all documents or things described in Federal Rule of Evidence 1001(a)—(e) and/or Rule 34(a)(1)(A) or (B).

4. The disclosing party who designates any material "CONFIDENTIAL" bears the burden of establishing the "CONFIDENTIAL" status of such material in any situation

in which the designation is at issue, and nothing in this Order shall be construed to alter such burden. The parties enter into and stipulate to this Order without prejudice to the rights of any party to assert or contest the "CONFIDENTIAL" status of any material as set forth below.

5. A disclosing party may designate as "CONFIDENTIAL" any trade secret or other confidential research, development, or commercial information, as such terms are used in Rule 26(c)(1)(G) and any applicable case law interpreting Rule 26(c)(1)(G). In addition, a disclosing party may designate as "CONFIDENTIAL" any documents, testimony or information that contains confidential, proprietary, commercial, technical, scientific, business, financial and/or any other information they deem confidential, which is not generally known and which the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which would, in the good faith judgment of the designating party, be detrimental to the designating party in the conduct of its business.

6. In designating material as "CONFIDENTIAL," a disclosing party shall make such a designation only as to material which it in good faith believes is confidential.

7. Any party or non-party receiving any non-public material from a disclosing party, regardless of whether such material is designated as "CONFIDENTIAL," shall use that material solely for the purpose of conducting this litigation, pending in the United States District Court for the District of Nebraska, captioned *Copperhead Pipeline and Construction, Inc. v. Northern Natural Gas Company*, Case No. 14-cv-00158 and not for any other purpose whatsoever.

8. No "CONFIDENTIAL" material nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity other than:

a. the attorneys for the parties;

b. the members or employees of the law firms of the attorneys who are involved with the prosecution or defense of the litigation;

c. Court personnel and stenographic reporters, engaging in proceedings necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action;

d. the parties to this litigation;

e. any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the parties agree to appear or are ordered to appear;

f. persons actually deposed or called to testify at any hearing or trial;

g. attorneys retained to represent third-parties at hearings, depositions or trial;

h. any experts or consultants who are employed or retained by counsel or the parties for assistance in this litigation;

i. third-party vendors retained by the parties or their counsel who are involved in one or more aspects of copying, reproducing, coding, or storing discovery materials; and

j. Any other person with the prior written consent of the party producing the document, information, pleading or deposition testimony.

9. Before disclosure of any "CONFIDENTIAL" material is made to any person described in paragraphs 8(e), 8(g), 8(h), 8(i) or 8(j) above, the person to whom disclosure is made shall be given a copy of this Order and shall agree in writing (in the form attached hereto as Exhibit "A") to be bound by the terms of this Order. Counsel for each disclosing party shall maintain a file of such written agreements until this action is completed.

10. Before disclosure of any "CONFIDENTIAL" material is made to any person described in paragraph 8(f) above, the person to whom disclosure is made shall be given a copy of this Order and shall be asked to agree in writing (in the form attached hereto as Exhibit "A") to be bound by the terms of this Order. If the person to whom disclosure is made refuses to agree in writing (in the form attached hereto as Exhibit "A"), then that person shall be provided a copy of the form attached hereto as Exhibit "B" and shall be asked to affirmatively state on the record that he or she has received the form.

11. This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Individuals who receive "CONFIDENTIAL" material shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

12. The recipient of any "CONFIDENTIAL" material that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own proprietary material. "CONFIDENTIAL" material shall not be copied, reproduced,

summarized, extracted or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order and labeled in the same manner as the designated material on which they are based.

13. Disclosing parties shall designate "CONFIDENTIAL" material as follows:

a. In the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made, as appropriate under the terms of this Stipulation and Order, by placing the following legend on each page of any such document: "CONFIDENTIAL." In the event that a disclosing party inadvertently fails to stamp or otherwise designate a document or other material as "CONFIDENTIAL" at the time of its production, that disclosing party may stamp or otherwise designate the document or other material as "CONFIDENTIAL" at any reasonable time thereafter. The delay in designating a document as "CONFIDENTIAL" shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Order, but such document or other material shall be treated as "CONFIDENTIAL" only beginning at the time such designation occurs, provided, however, that the foregoing provision shall not apply to any documents or material that had already been made publicly available prior to the designation.

b. "CONFIDENTIAL" material may be used in depositions. Designation of the portion of the deposition transcript (including exhibits) that contains "CONFIDENTIAL" material shall be made by a statement to such effect

on the record in the course of the deposition or, upon review of such transcript, by the disclosing party or counsel for the disclosing party to whose "CONFIDENTIAL" material the deponent has had access, which shall be so designated within thirty (30) days after the deposition. During those thirty days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL."

c. Any "CONFIDENTIAL" material produced in a non-paper media (*e.g.*, videotape, audiotape, computer disc, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" and producing this material in a sealed envelope. In the event a receiving party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as "CONFIDENTIAL" pursuant to the terms of this Order.

14. Nothing in this Order shall be taken as indicating that any information is in fact "CONFIDENTIAL" or entitled to confidential treatment. No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a party that has designated materials or information as "CONFIDENTIAL" contend that any delay by another party in objecting to the designating party's "CONFIDENTIAL" designation in any way (a) lends support to the designating party's "CONFIDENTIAL" designation or (b) invalidates or diminishes in any way the objecting party's challenge of the "CONFIDENTIAL" designation for any such materials or information. In the event that any party disagrees at any stage of these proceedings with such designation, counsel

for such party shall notify counsel for the disclosing party in writing (the "Notice"). The objecting party shall identify each particular document bearing a designation to which it objects and shall specify the reason(s) for the objection, provided that the party challenging the "CONFIDENTIAL" designation may identify multiple documents by Bates number (whether in a range of consecutive numbers or otherwise) in its Notice when the reason or reasons for challenging the "CONFIDENTIAL" designation apply in the same manner to the documents identified in the Notice. Within seven (7) calendar days of the receipt of the Notice, counsel for the parties (and any non-party involved) shall promptly schedule a date and time to meet and confer to attempt to resolve such dispute in good faith on an informal basis consistent with the requirement to confer in good faith under Rule 26(c)(1) and Rule 37(a)(1). If the dispute cannot be resolved, the party that designated the materials in question as "CONFIDENTIAL" may request appropriate relief from the Court, and the objecting party may also request any relief from the Court that it deems appropriate (which shall have first been raised no later than during the parties' meet and confer session(s)) in its opposition to the designating party's motion or other proposed method of seeking relief from the Court. The materials in question shall retain their "CONFIDENTIAL" status until the Court rules on any such motion so long as the party that designated the materials in question as "CONFIDENTIAL" seeks relief from the Court within: (i) thirty (30) days of the date the parties initially met and conferred, if the disagreement pertains to fewer than ten documents; or (ii) forty five (45) days of the date the parties initially met and conferred, if the disagreement pertains to ten or more documents. The parties (and any non-party involved) may agree to extend the time for the disclosing party to apply to the Court for

relief. If the designating party does not apply to the Court for a ruling on the designation of discovery material as "CONFIDENTIAL" within the time period prescribed herein or agreed to by the parties, the discovery material will no longer be deemed "CONFIDENTIAL." The designating party may request a telephonic hearing with respect to the "CONFIDENTIAL" status of materials. Nothing in this Order shall alter the burden on the disclosing party to establish the "CONFIDENTIAL" status of information it has so designated.

15. Documents containing "CONFIDENTIAL" material shall not be filed with the Court unless the filing party reasonably believes it is necessary to do so for purposes of trial, motions (including without limitation, motions for preliminary injunction or summary judgment) or other Court matters. Documents containing "CONFIDENTIAL" material shall be filed under seal and shall be accompanied by a motion to seal the documents containing "CONFIDENTIAL" material.

16. In the event the Court denies a motion to seal documents labeled "CONFIDENTIAL," the Clerk of the Court shall leave the documents under seal for a period of three (3) business days after the date of the Court's denial of the motion to seal. If the filing party initially designated the documents "CONFIDENTIAL," then within that three (3) day period, the filing party may, at its option, file replacement documents that do not contain "CONFIDENTIAL" material or any reference to "CONFIDENTIAL" material, in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court. If the filing party does not file replacement documents within the time period prescribed by this Paragraph, the material shall be filed unsealed in the Court file.

17. In the event that any "CONFIDENTIAL" material is used in any Court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. In particular, while a motion to seal is pending and before the Court has ruled, no party shall make use in open court of any documents that are subject to that motion to seal without the consent of the designating party or the permission of the Court.

18. If "CONFIDENTIAL" material is disclosed to any person other than in the manner authorized by this Order, the person or party responsible for the disclosure must seasonably bring all pertinent facts relating to such disclosure to the attention of all attorneys of record in the above-captioned action and, without prejudice to any other rights and remedies of the parties or non-parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such material.

19. Nothing in this Order shall preclude any parties or non-parties to the lawsuit or their attorneys (a) from showing a document or part of a document designated as "CONFIDENTIAL" to an individual who either prepared the document or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any material or documents from the disclosing party's own files which the disclosing party itself has designated as "CONFIDENTIAL."

20. In the event any receiving party having possession, custody or control of any "CONFIDENTIAL" material receives a subpoena, request for production of documents, or other process or order to produce such material in another, unrelated

legal proceeding, from a non-party to the above-captioned litigation, such receiving party shall:

a. give prompt written notice of the subpoena, request for production of documents, or other process or order to counsel for the disclosing party that designated the material as “CONFIDENTIAL”;

b. furnish counsel for that disclosing party with a copy of said subpoena, request for production of documents, or other process or order; and

c. cooperate with respect to all reasonable and legitimate procedures sought to be pursued by the disclosing party whose interests may be affected.

The disclosing party asserting the “CONFIDENTIAL” treatment shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent the disclosing party asserting the “CONFIDENTIAL” treatment is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order, provided, however, that the party receiving the subpoena, request for production of documents, or other process shall await the disposition of any motion to quash or motion for a protective order timely filed by the disclosing party before producing any “CONFIDENTIAL” information in response to the subpoena, request for production of documents, or other process or order unless a court orders compliance with the subpoena, request for production or other process, or unless awaiting the disposition of any motion to quash or motion for protective order may subject the party receiving the discovery request to sanctions or being held in contempt of court.

21. The inadvertent production in the course of discovery in the above-captioned litigation of any materials (whether designated as "CONFIDENTIAL" or not) shall not be deemed to waive whatever attorney client privilege, work product protection or other privilege or immunity that would otherwise attach to those documents or material produced or to other documents or material, so long as the disclosing party notifies the other party or parties of the claim of privilege or other protection or immunity. Upon receipt of such notice, all other parties shall (regardless of whether they agree with the disclosing party's claim of privilege or protection) promptly:

a. destroy or segregate all copies of the inadvertently produced documents or material in such party's possession, custody, or control, and notify the disclosing party that it has done so; and

b. notify the disclosing party that reasonable steps have been taken to retrieve and/or destroy the inadvertently produced documents or material from other persons to whom such documents or material have been provided, if any, consistent with Rule 26(b)(5)(B). Compliance with this Paragraph does not, and shall not be deemed to, constitute agreement that the claimed document or material is in fact privileged or entitled to protection or immunity.

22. Within sixty (60) days of the termination of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review, all "CONFIDENTIAL" material produced by a disclosing party, and all copies thereof, shall be returned to the disclosing party or destroyed. If destroyed, counsel shall certify the destruction and provide a copy of the certification to the disclosing party. Counsel

for each disclosing party shall be entitled to retain all pleadings, motion papers, other court filings, legal memoranda, correspondence and work product.

23. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above-captioned litigation.

24. This Order is without prejudice to the right of any party or non-party to seek relief from the Court from any of the provisions contained herein.

25. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be only as provided by the discovery rules and other applicable law.

DATED this 26th day of September, 2014.

BY THE COURT:

/s/ Lyle E. Strom

______________________________

LYLE E STROM, Senior Judge
United States District Court

Counsel for Defendant:

By: s/J. Daniel Weidner
Gregory C. Scaglione, #19368
J. Daniel Weidner, # 23738
Minja Herian, #24669
KOLEY JESSEN P.C., L.L.O.
1125 South 103rd Street, Suite 800
Omaha, Nebraska 68124-1079
Telephone: (402) 390 9500
Facsimile: (402) 390 9005
Email: greg.scaglione@koleyjessen.com
Email: daniel.weidner@koleyjessen.com
Email: minja.herian@koleyjessen.com

*Attorneys for Defendant Northern Natural Gas Company.*

Counsel for Plaintiff:

By: s/Patrick G. Colvin
Tara A. Stingley
Coady H. Pruett
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
One Pacific Place
1125 South 103rd Street, Ste. 600
Omaha, Nebraska 68124
tstingley@clinewilliams.com
cpruett@clinewilliams.com

Thomas L. Vogt
C. Michael Copeland
Patrick G. Colvin
JONES, GOTCHER & BOGAN, P.C.
3800 First Place Tower
15 East 5th Street
Tulsa, Oklahoma 74103
tvogt@jonesgotcher.com
mcopeland@jonesgotcher.com
pcolvin@jonesgotcher.com

*Attorneys for Plaintiff Copperhead Pipeline and Construction, Inc.*

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| COPPERHEAD PIPELINE AND CONSTRUCTION, INC., an Oklahoma corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN NATURAL GAS COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 8:14-cv-00158-LSC-FG3<br><br>**ACKNOWLEDGEMENT** |

I, ___________________________, do hereby acknowledge that I have received and read a copy of the attached Stipulated Protective Order, and I agree to be bound by the terms of the Order, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Order and for judicial action for any violation of the Order.

DATED this ______ day of ___________ 2014.

_____________________________________________

Relationship to this lawsuit: _________________

STATE OF _____________)
) ss.
COUNTY OF ___________ )

Subscribed and sworn to before me this ______ day of __________ 2014.

_____________________________________________
Notary Public

**EXHIBIT "B"**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

COPPERHEAD PIPELINE AND CONSTRUCTION, INC., an Oklahoma corporation,

Plaintiff,

v.

NORTHERN NATURAL GAS COMPANY, a Delaware corporation,

Defendant.

Case No. 8:14-cv-00158-LSC-FG3

**NOTICE TO WITNESSES**

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court. Except for providing testimony, you may not disclose these documents or their contents to any person other than the attorney who represents you. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.